UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DETRICK DEROVEN, | § | |
| TDCJ No. 837354, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL NO. SA-09-CA-162-XR |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

ORDER DISMISSING AND DENYING RULE 60(b) MOTION

The matter before the Court is Petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, filed May 18, 2015 (ECF no. 20). For the reasons set forth below, Petitioner's motion will be dismissed as untimely and, alternatively, denied.

## I. Background

Petitioner Detrick Deroven was convicted of capital murder in Bexar County cause no. 93-CR-3437A and sentenced November 20, 1997 to serve a term of life imprisonment for having fired an assault rifle multiple times into a vehicle and killing multiple occupants of that vehicle. He appealed. In an unpublished opinion, the Texas Fourth Court of Appeals affirmed Petitioner's conviction and sentence. *Deroven v. State*, 04-98-00942-CR, 2000 WL 84650 (Tex. App. – San Antonio Jan. 26, 2000, *pet. ref'd*). The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on April 17, 2002 (PD-0033-02).

Petitioner filed an application for state habeas corpus relief on or about March 9, 2005 asserting his actual innocence premised, in large part, on the June 10, 2004 recanting affidavit of

prosecution witness Lyndon Jamison.  On June 15, 2005, the Texas Court of Criminal Appeals denied Petitioner's state habeas corpus application without written order based on the findings of the trial court made without a hearing. *Ex parte Detrick Deroven*, WR-39,146-03 (Tex. Crim. App. June 15, 2005).  Petitioner filed a motion for reconsideration on or about November 17, 2006 which the Texas Court of Criminal Appeals concluded on December 15, 2006 required no action on its part for disposition because the motion did not comply with Rule 79.2(d) of the Texas Rules of Appellate Procedure (which provides in pertinent part that a motion for rehearing of the denial of state habeas corpus relief under Article 11.07 of the Texas Code of Criminal Procedure "may not be filed" but further provides the Court may on its own initiative reconsider the case).   Rule 79.2(d), TEX.R.APP.P.

Petitioner filed this federal habeas corpus action in this Court in March, 2009 pursuant to 28 U.S.C. Section 2254 challenging his 1997 Bexar County conviction in cause no. 93-CR-3437A for capital murder and his life sentence (ECF no. 2).  As grounds for relief in his 81-page memorandum in support of his petition, Petitioner argued (1) the recanting affidavit of prosecution witness Lyndon Jamison established Petitioner's "actual innocence" of the capital murder offense, (2) Petitioner's trial counsel rendered ineffective assistance in several regards during his trial, and (3) Petitioner's state appellate counsel also rendered ineffective assistance in connection with his direct appeal from his conviction.  In an Order issued March 23, 2009 (ECF no. 5), this Court dismissed Petitioner's federal habeas corpus petition as untimely pursuant to 28 U.S.C. §2244(d).  This Court subsequently denied Petitioner a Certificate of Appealability ("CoA") (ECF no. 14).  In an unpublished Order issued January 12, 2010, the Fifth Circuit likewise denied Petitioner a CoA and denied Petitioner

leave to proceed In Forma Pauperis on appeal. *Deroven v. Thaler*, no. 09-50391 (5th Cir. Jan. 12, 2010).

On or about November 8, 2013, petitioner filed a successive state habeas corpus application which the Texas Court of Criminal Appeals dismissed on December 4, 2013. *Ex parte Detrick Deroven*, WR-39-146-04 (Tex. Crim. App. Dec. 4, 2013).

## II. Motion for Relief from Judgment Under Rule 60(b)

In his Rule 60(b) motion, filed May 18, 2015 (ECF no. 20), Petitioner argues (1) the Supreme Court's intervening decision (issued on May 28, 2013) in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), allows him to obtain a federal habeas corpus review on the merits of his claims for federal habeas corpus relief herein based upon Petitioner's showing of "actual innocence," (2) he is actually innocent of the capital murder charge for which he was convicted because one witness at his trial, i.e., prosecution witness Lyndon Jamison, furnished Petitioner with an affidavit signed on June 10, 2004, in which Jamison recants his trial testimony identifying Petitioner as the person who shot and killed Paul Johnson,[1] and (3) Jamison's recanting affidavit makes it more likely than not that no reasonable juror would have convicted Petitioner.

## III. Analysis of Petitioner's Rule 60(b) Motion

A.     Standard for Relief Under Rule 60(b) Generally

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

On motion and upon such terms as are just, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] A copy of Jamison's affidavit appears as the final page of the attachments to Petitioner's Rule 60(b) motion (ECF no. 20) and was also included as the final page of the Memorandum Petitioner submitted March 2, 2009 (ECF no. 3), in support of Petitioner's original federal habeas corpus petition.

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Such a motion must be made within a reasonable time and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.2 (2005); FED.R.CIV.P. 60(c)(1).

A Rule 60(b) motion which attacks not the federal district court's ruling on the merits of a federal habeas claim but, rather, challenges only the federal district court's refusal to address the merits of a claim, due to findings of procedural default, the expiration of the AEDPA's limitations period, or some other procedural impediment to merits disposition, may proceed without pre-certification under 28 U.S.C. Section 2244(b)(3).  *See Gonzalez v. Crosby*, 545 U.S. at 533-38 (holding that, if neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, the motion may proceed to resolution); *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir.) ("A Rule 60(b) directed to a procedural ruling that barred consideration of the merits, such as a procedural default, is not considered a 'successive' petition and is properly brought as a Rule 60(b) motion."), *stay of execution and cert.* denied, ___ U.S. ___, 134 S. Ct. 1022, 187 L. Ed. 2d 867 (2014); *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir.) (holding a motion challenging only the federal district court's conclusion that petitioner had procedurally defaulted on a claim was properly before the district court pursuant to Rule 60(b)), *stay of execution denied*, ___ U.S. ___, 132 S. Ct. 1995, ___ L. Ed. 2d ___

4

(2012); *Hernandez v. Thaler*, 630 F.3d 420, 427-28 (5th Cir. 2011) (holding the same).  Because Petitioner's Rule 60(b) motion in this cause attacks this Court's summary dismissal of Petitioner's federal habeas corpus petition as untimely, Petitioner may proceed without pre-certification under 28 U.S.C. Section 2244(b)(3).

A Rule 60(b) movant is required to show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. at 535; *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir.), *cert.* denied, ___ U.S. ___, 134 S. Ct. 48, 186 L. Ed. 2d 960 (2013); *Adams v. Thaler*, 679 F.3d at 319; *Hernandez v. Thaler*, 630 F.3d at 429.  "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. at 535; *Diaz v. Stephens*, 731 F.3d at 374; *Adams v. Thaler*, 679 F.3d at 319.  A change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment under Rule 60(b)(6).  *Diaz v. Stephens*, 731 F.3d at 375-76; *Adams v. Thaler*, 679 F.3d at 319; *Hernandez v. Thaler*, 630 F.3d at 430.

Petitioner does not allege any specific facts sufficient to bring his arguments within the context of subdivisions (1) through (5) of Rule 60(b).  Therefore, this Court will liberally construe petitioner's pro se Rule 60(b) motion as seeking relief pursuant to Rule 60(b)(6).

B.     Petitioner's Rule 60(b) Motion is Untimely

Petitioner's Rule 60(b) motion was not filed within a year from this Court's judgment.  Nor was Petitioner's Rule 60(b) motion filed with a reasonable time, as required for motions under Rule 60(b)(6) by the same Rule 60(c)(1).  This Court dismissed Petitioner's original federal habeas corpus action on March 23, 2009.  The Supreme Court handed down its decision in *McQuiggin v. Perkins*

on May 28, 2013.  Petitioner's Rule 60(b) motion, filed May 18, 2015, seeks to litigate the substance of the same "actual innocence" claim which this Court dismissed as untimely in March, 2009.

Petitioner waited to file his Rule 60(b) motion until May, 2015, almost two years after the Supreme Court handed down its decision in *McQuiggin v. Perkins* which Petitioner contends opens the door to this Court's review of his "actual innocence" claim.  Petitioner alleges no specific facts showing why he delayed almost two years in filing his Rule 60(b) motion premised upon the Supreme Court's holding in *McQuiggin*.  Petitioner was aware at least as early as November, 2013 of the potential impact of *McQuiggin* on his actual innocence claim and attempted to assert a claim for relief in state court based on *McQuiggin*.  The Texas Court of Criminal Appeals dismissed Petitioner's fourth state habeas corpus application in December, 2013.  Petitioner then waited more than sixteen months before returning to this Court and filing his Rule 60(b) motion.  The Fifth Circuit has made clear that a delay of such magnitude renders a Rule 60(b) motion untimely.  Petitioner has alleged no facts showing he was prevented by any external impediment from filing his Rule 60(b) motion within a reasonable time after the Supreme Court issued its ruling in *McQuiggin*.  Under such circumstances, Petitioner's Rule 60(b) motion was not brought within a reasonable time.  *See Tamayo v. Stephens*, 740 F.3d at 991 (holding a Rule 60(b) motion filed eight months after the Supreme Court's decision in *McQuiggin v. Perkins*, in which the movant (as petitioner does herein) sought retroactive application of the Supreme Court's holding in *McQuiggin,* was untimely under Rule 60(c)(1)).  Here, there is no factual allegation showing petitioner, despite the exercise of due diligence, was unable to present the same arguments raised in his Rule 60(b) motion to this Court within a reasonable time after the Supreme Court issued its ruling in *McQuiggin*.  Petitioner's Rule 60(b) motion is dismissed as untimely.

C.      Petitioner's Arguments in His Rule 60(b) Motion Lack Merit

The Fifth Circuit has long viewed recanting affidavits such as Jamison's with extreme suspicion. *Summers v. Dretke*, 431 F.3d 861, 872 (5th Cir. 2005), *cert. denied*, 549 U.S. 840 (2006); *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir.), *cert. denied*, 519 U.S. 1012 (1996); *May v. Collins*, 955 F.2d 299, 314 (5th Cir.), *cert. denied*. 504 U.S. 901 (1992).  A convicted criminal defendant, such as Petitioner, attempting to satisfy the "actual innocence" standard of *Schlup v. Delo*, 513 U.S. 298 (1995), must do more than furnish recanting testimony from a witness who has given contradictory statements in the past when there exists other evidence tending to corroborate the trial testimony.  *See Graves v. Cockrell*, 351 F.3d 143, 153 (5th Cir. 2003) ("Graves cannot meet this burden with the recanted testimony of Carter, given the numerous contradictory statements Carter has made and other evidence of Graves' guilt."); *May v. Collins*, 955 F.2d at 314 ("In this circuit, a federal trial judge, faced with a motion for a new trial predicated upon the contention that a witness has provided a recanting affidavit, must compare the trial record with the affidavit of recantation and determine for himself whether the affidavit is worthy of belief.").

> Lyndon Jamison testified that he drove Deroven in a pickup truck to a house where Deroven retrieved an AK-47 assault rifle, some ammunition, and a ski mask. Jamison then drove Deroven to a restaurant parking lot.  When the victims drove by, Deroven jumped into the bed of the truck and Jamison drove after them.  Deroven pulled the ski mask over his face and fired several rounds into the victims' car.  In addition to Jamison's testimony, Carolina Rodriguez testified that Deroven had threatened one of the victims, the medical examiner testified that the victims died of fatal gunshot wounds, and the toolmark examiner testified that the cartridge cases recovered from the scene were fired from the same weapon and were of the type that would normally be fired from an AK-47.

*Deroven v. State*, 2000 WL 84650, *1 (Tex. App.– San Antonio 2000, *pet ref'd*).

At the time of Petitioner's capital trial, Jamison had already been tried and acquitted in a separate trial for his involvement in the fatal shooting.  During his testimony at Petitioner's trial,

Jamison indicated he drove the truck for Deroven only because he was threatened with force. *Id.*, at *2. Jamison's recanting affidavit does not offer any rational explanation for his having given purportedly false testimony at Petitioner's trial. Jamison does not suggest he received any benefit in exchange for his testimony at Petitioner's trial. Nor does Jamison suggest he was coerced by any person to testify falsely at Petitioner's trial. Jamison states in his recanting affidavit "I lied and feel bad that Detrick is doing time because I was afraid to tell the truth." Jamison does not, however, offer any explanation as to why he felt afraid to tell the truth at Petitioner's trial. Given the fact Jamison had already been tried and acquitted for his role in the same offense by the time of Petitioner's trial, his conclusory assertion given in an affidavit executed more than four years after Petitioner's trial, that he was "afraid to tell the truth," without more, is incredible and does not even begin to satisfy the standard for "actual innocence" set forth in *Schlup v. Delo*. *See McQuiggin v. Perkins*, ___ U.S. at ___, 133 S. Ct. at 1928 ("the timing of the petition is a factor bearing on the reliability of the evidence purporting to show actual innocence"); *Schlup v. Delo*, 513 at 332 ("the court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence."); *Graves v. Cockrell*, 351 F.3d at 153 (recanting affidavit of co-defendant insufficient to satisfy "actual innocence" standard of *Schlup* where co-defendant had given numerous contradictory statements and other evidence existed which showed the defendant's guilt).

Moreover, Jamison's assertion in his recanting affidavit that Petitioner was not guilty of the fatal shooting is internally inconsistent since Jamison also implicitly claims he was not present at the location of the fatal shooting when the shooting took place. Jamison does not explain how he could possibly know Petitioner was not involved in the fatal shooting when Jamison claims not to

have witnessed the fatal shooting but only to have "heard some gunshots."  Jamison's conclusory recanting affidavit, without more, does not satisfy the "actual innocence" standard of *Schlup*.  *See Schlup v. Delo*, 513 U.S. at 327 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.").

D. Petitioner Has Failed to Show "Extraordinary Circumstances"

Petitioner has not identified any "extraordinary circumstances" which warrant reconsideration under Rule 60(b)(6) of this Court's conclusion that Petitioner's federal habeas corpus petition was untimely.  The Supreme Court's opinion in *McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S. Ct. 1924, 1931-32, 185 L. Ed. 2d 1019 (2013) (holding "a credible showing of actual innocence" may permit a petitioner to overcome a procedural bar to relief such as the AEDPA's limitations period), is of little solace to Petitioner.  Petitioner has failed to allege any specific facts establishing "a credible showing" he is actually innocent.  Even when construed liberally, Petitioner's assertions of actual innocence, premised upon Jamison's conclusory recanting affidavit, are insufficient to establish Petitioner is actually innocent of the charge against him.

**IV. Certificate of Appealability**

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, the petitioner must obtain a CoA.  *Miller-El v. Johnson*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. §2253(c)(2).  Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted.  *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate

review to those issues); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000) (holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted). In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Crutcher v. Cockrell*, 301 F.3d at 658 n.10; *Lackey v. Johnson*, 116 F.3d at 151; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El v. Johnson*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).

To make such a showing, the petitioner need *not* show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U.S. at 282; *Miller-El v. Johnson*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. at 484; *Barefoot v. Estelle*, 463 U.S. at 893 n.4. This Court is required to issue or deny a CoA when it enters a final Order such as this one adverse to a federal habeas petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts*. This Court denied Petitioner a CoA the first time Petitioner presented this Court with his complaints about the validity of his conviction. The Fifth Circuit likewise found Petitioner was not entitled to a CoA.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim.  If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate reasonable jurists could find the court's assessment of the constitutional claim to be debatable or wrong.  "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. at 338 (*quoting Slack v. McDaniel*, 529 U.S. at 484).  *Accord Tennard v. Dretke***,** 542 U.S. at 282.  When the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* whether this Court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. at 484 (holding when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Reasonable minds could not disagree with this Court's conclusion Petitioner's Rule 60(b) motion is untimely.  Petitioner waited without explanation almost two years after the Supreme Court issued its ruling in *McQuiggin* before filing his Rule 60(b) motion.  Likewise, reasonable minds could not disagree with this Court's rejection on the merits of Petitioner's Rule 60(b) motion.  Petitioner's motion raises no new facts regarding the timeliness of his original federal habeas corpus

petition which were unavailable at the time this Court first dismissed this action as untimely. Petitioner's reliance upon Jamison's conclusory, internally inconsistent, belated, affidavit, standing alone, is insufficient to satisfy the "actual innocence" standard of *Schlup v. Delo*.  Reasonable minds could not disagree with this court's conclusion on this point.  Reasonable minds could not disagree with this Court's conclusion Petitioner has failed to demonstrate "exceptional circumstances" exist which warrant relief from the Judgment in this cause under Rule 60(b)(6).  Petitioner is not entitled to a CoA from this Court's denial of Petitioner's Rule 60(b) motion.

## VI. ORDER

Accordingly, it is hereby **ORDERED** that:

1.  Petitioner's Rule 60(b) motion for relief from judgment, filed May 18, 2015 (ECF no. 20) is **DISMISSED as untimely and, alternatively, in all respects DENIED**.

2.  Petitioner is **DENIED** a Certificate of Appealability with regard to both the dismissal and denial of his Rule 60(b) motion.

It is so ORDERED.

SIGNED this 19th day of May, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE